SCANNED at PENDLETON and Emailed on
12-6-22 by ____ - 20 pages.
(date)   (initials)   (num)

# 42 U.S.C § 1983
# AMENDED CIVIL COMPLAINT

**FILED**
**12/06/2022**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Nick Bigsby                   CASE NO. 1:23-cv-00179-JPH-MPB
     Plaintiff,

Vs.

CENTURION HEALTH,
DR. JOHN MERSHON,
DR. DAUSS,
WEXFORD OF INDIANA,
     Defendants.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Nick Bigsby, ) | |
|     **Plaintiff,** ) | |
| ) | |
| Vs. ) | Case No:_____ |
| ) | |
| ) | **COMPLAINT** |
| ) | |
| DR. DAUSS, I.D.O.C. Medical Director; ) | **JURY TRIAL DEMANDED** |
| DENNIS REAGLE, Warden; ) | |
| CENTURION MEDICAL PROVIDER ) | |
| DR. JOHN MERSHON ) | |
| WEXFORD OF INDIANA,     Each ) | |
| Are sued in their individual and in his (or her)) | |
| official Capacity. ) | |
| At all times mentioned in this Complaint ) | |
| Each defendant acted under the color of ) | |
| State law; ) | |
|     **Defendants.** ) | |

**VERIFIED COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

### I. Introduction

1. This is a 42 U.S.C. § 1983 action Complaint filed by Plaintiff, Nick Bigsby, prisoner alleging violation of their constitutional rights to adequate medical care in prison seeking injunctive relief and money damages. Violating Plaintiff's eight amendment right. Deliberate Indifference.

### II. Jurisdiction

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a) in that this action seeks to redress the deprivation, under color of State law, of the rights secured by acts of Congress providing for equal rights of persons within the jurisdiction of the United States.

4. The United States District Court for the Southern District of Indiana, Indianapolis Division is an appropriate venue under 28 U.S.C. § 1391 (b)(2) because it is where the events giving rise to this claim occurred.

5. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

6. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and also Rule 65 of the Federal Rules of Civil Procedure.

7. The Court has Supplemental Jurisdiction over Plaintiff's State law claims under 28 U.S.C. §1367.

### III. Parties

8. Plaintiff, Nick Bigsby is and was at all times mentioned herein a prisoner of the State of Indiana in the custody of the Indiana Department of Corrections. He is currently confined in Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, Indiana 46064.

9. Defendant Dr. Dauss, at all relevant times mentioned was the Indiana Department of Corrections Medical Director; her role is to make sure that the Indiana Department of Corrections and their employees that are employed as prison officials are making sure that

incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities. As well as medical needs.

-- State of Indiana Department of Corrections, 302 W. Washington St., Rm. E334, Indianapolis, IN 46204-2738

10. Dr. John Mershon, at all relevant times mentioned was the primary care Health doctor at the Pendleton Correctional Facility "Indiana Reformatory" employed by Centurion Health. His role is to provide adequate medical treatment to all inmates at the Pendleton Correctional facility and to make sure that incarcerated offenders basic human needs are being met at all times.

11. Defendant Dennis Reagle, at all relevant times mentioned was the Warden for Pendleton Correctional Facility; his role is to make sure that the Indiana Department of Corrections prison officials and also their private medical contractors are making sure that incarcerated offenders' basic human needs are being met at all the State of Indiana Adult Prison Facilities and all inmates at the prison Is receiving adequate medical treatment.

-- Pendleton Correctional Facility, 4490 West Reformatory Road, Pendleton, IN 46064

13. Defendant Centurion Medical Provider, and Wexford of Indiana at all relevant times mentioned was the private medical contractor for the Indiana Department of Corrections; their role is to ensure that incarcerated offenders are receiving adequate medical services.

-- Centurion Health, 334 North Senate Avenue, Indianapolis, IN 46204.

## IV. Exhaustion of Available Remedies

14. Plaintiff has tried to exhaust all of his administrative remedies before filing this complaint. That the grievance specialist, Conyers and the new Grievance Specialist is making the grievance procedure unavailable to the plaintiff ; grievance specialist not responding to any

grievance concerning legionella grievances, nor was Plaintiff able to make copies of any grievance he filed due to law library being closed for Covid and shortage of staff. Inmates can only access law library by a count letter weeks ahead of scheduling times. That on June 11, 2021, and November of 2021 and presently September 2022, Plaintiff has filed numerous grievance and grievance specialist has not replied to any of the grievances Plaintiff cannot proceed grievance procedure without receiving an initial reply or have a case number assigned to case.

## V. Factual Statement

15. On November of 2021, through June 7, 2022, Plaintiff, Nick Bigsby had got injured from showering, drinking and consuming contaminated water that has legionella bacteria and other possible bacteria and chemical contaminates that are from old lead piping that are decades old at Pendleton Correctional Facility.

16. The Plaintiff injuries are cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever and diarrhea, stool complications, cardiovascular problems and possible kidney problems. These injuries came from the Defendants Dr. Dauss, Dr. John Mershon, Dennis Reagle, and Centurion and Wexford Medical Provider policies and practices and their failure to treat the plaintiff injuries from contaminated water, and as of October 30, 2022, the Defendants still has shown total disregard to address the Plaintiff injuries.

17. Defendants Dr. Dauss, Dennis Reagle, Dr. John Mershon Wexford and Centurion Medical Provider was liable from their policies, practices and customs and they were deliberately indifferent in making sure that there is an adequate number of the Indiana Department of Corrections employees and the Centurion Medical Provider employees to transport the

Plaintiff to a medical department to be seen by a nurse and physician after the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. These injuries came from the contaminated water at the prison. Pendleton Correctional Facility is short-staffed.

18. Defendants Dr. Dauss, Dennis Reagle, and Wexford Medical Provider Dr. John Mershon was liable from their policies, practices and customs and they were deliberately indifferent in making sure that the old lead piping at Pendleton Correctional Facility were replaced after receiving reports from the Plaintiff that the water was contaminated and also receiving reports from outside private contractors and the news media that the water was contaminated. The Defendants had cared less to remedy the problem with the old lead piping.

19. Defendants Dr. Dauss, Dennis Reagle, and Wexford Centurion Medical Provider and Dr. John Merhsonwas liable from their policies, practices and customs and they were gross when they had retaliated against the Plaintiff, Nick Bigsby when they continue to deny the Plaintiff medical care when the Plaintiff was experiencing cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. The Defendants had treated the Plaintiff as a nuisance because the Plaintiff kept constantly seeking medical care from the Defendants because the Plaintiff was in pain from consuming and showering with contaminated water.

20. Upon information and belief one incarcerated man had died from contaminated water and five men incarcerated at the prison had been hospitalized for treatment. Please see Exhibit A, which is attached to the back of this complaint.

21. That on October 30, 2022, Plaintiff filed another health care request slip requesting to be called over for sick call for symptoms of legionnaires. Plaintiff was told by medical staff "that the legionella is no longer in the water we have the water tested. See exhibits in Health care request.

22. That prior to Legionella Plaintiff has filed numerous Health care requests and each time Plaintiff is rejected treatment. "See Plaintiff's exhibits"

23. That in June 2021, Plaintiff had the Legionella's symptoms and was told it was due to mold. Plaintiff was scheduled for x-rays and blood work but never received treatment "x-rays or bloodwork" "see attached grievances"

24. That Plaintiff is still suffering from symptoms of legionella's and went to see Dr. or LPN (Osborn) for other purposes "Shots in arm" On November. 23, 2022 and was told by him that they no longer test for legionella.

25. That the prison officials has only changed approximately one-eight (1/8) of the piping system here at the prison where the legionella was contained in. To this present date.

26. That the prison official took all drinking water fountains form J, H, G, Gym area and medical housing units. Inmates can only access drinking water from the sink in their cells which are unfiltered. And the hot and cold water comes out of the same faucet, exposing inmates to legionella.

### Claims For Relief

#### A. Denied Medical Care Claims

27. Defendants Dr. Dauss, Dennis Reagle, Dr. John Mershon primary health care provider and Wexford/ Centurion Medical Provider are liable from their policies, practices and customs

and also their deliberately indifference to the Plaintiff, Nick Bigsby health and safety when they failed to provide adequate medical care to the Plaintiff when he had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correction Facility in the month of June 2021 through present time as of November 24, 2022. This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

28. Defendants Dr. Dauss, Dr. John Mershon primary health care provider, Dennis Reagle, and Wexford/ Centurion Medical Provider are liable from their policies, practices and customs and also their deliberately indifference to the Plaintiff, Nick Bigsby health and safety when the Defendants knew and disregarded having an adequate number of the Indiana Department of Corrections employees and the Centurion Medical Provider employees to transport the Plaintiff to a medical department at Pendleton Correctional Facility so that they can be treated and seen by a nurse and a physician when the Plaintiff had experienced cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems due to the harmful effects of the bacteria and chemicals contaminated water from the lead piping at Pendleton Correctional Facility. Pendleton Correctional Facility is understaffed this incident happened from June 2021 present time through November 24, 2022. This constitutes deliberate indifference to Plaintiff serious medical needs in violation of the Eighth Amendment to the United States Constitution.

### B. Retaliation Claims

26. Defendants Dr. Dauss, Dennis Reagle, Dr. John Mershon and Wexford/ Centurion Medical Provider had retaliated against the Plaintiff, Nick Bigsby when the Defendants had treated the Plaintiff as a nuisance and denied his medical care because the Plaintiff kept constantly seeking medical care from the Defendant s because the Plaintiff was in pain consuming an showering with contaminated water that caused the Plaintiff to experience cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold, chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. This constitutes retaliation for the Plaintiff using his Freedom of Expression to seek medical care that was denied by the Defendants in violation of the First Amendment to the United States Constitution.

### C. Negligence State Law Claims

27. Defendants Dr. Dauss, Dennis Reagle, Dr. John Mershon and Wexford/ Centurion Medical Provider had neglected the Plaintiff, Nick Bigsby medical care when he was sick form contaminated water from the lead piping at Pendleton Correctional Facility that caused the Plaintiff to have illnesses such as cough, headaches, abdomen pains, muscle aches, shortness of breath, nausea, cold chills, fever, diarrhea, stool complications, cardiovascular problems and possible kidney problems. The Defendants knew that there was harmful bacteria and chemicals in the water and they were careless to render medical services to the Plaintiff. This constitutes negligence under State law in violation of the Eighth Amendment to the United States Constitution.

**Relief Requested**

WHEREFORE, Plaintiff requests that this Court grant the following relief:

A. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights to adequate medical care;

B. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights to have their basic human needs met in their conditions of confinement;

C. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights to Freedom of Expression to seek medical care form the Defendants and was denied from the Defendants because they felt the Plaintiff was a nuisance; this is retaliation against the Plaintiff;

D. Declare that all Defendants in this complaint had violated Plaintiff Eighth Amendment rights when they neglected treating the Plaintiff's injuries from contaminated water at Pendleton Correctional Facility;

E. Issue an injunction ordering the Defendants to:

   1. To render outside medical care by a licensed medical provider to give adequate medical care to the Plaintiff that was injured from the harmful bacteria and chemicals from the contaminated water at Pendleton Correctional Facility.

   2. To hire more staff or activate the National Guard to fulfill the role for the empty vacancy of Indiana Department of Corrections employees and Centurion Medical Provider employees to handle medical care, transportation to medical facilities and any necessary role that is just by the Court's orders.

   3. To install intercoms in cell houses so that the Plaintiff as an inmate can communicate with Indiana Department of Corrections and Centurion Medical Providers prison officials when asking for immediate medical services when the Plaintiff adequate conditions of confinement at Pendleton Correctional Facility is not satisfactory.

   4. Restore all filtered drinking water fountains in J, H, G cell houses, gym area and medical facility in order for inmates to be able to be provided with safe drinking filtered water.

F. Award compensatory damages for Plaintiff physical and emotional injuries joint and severally from Defendants;

G. Award punitive damages to penalize each Defendant;

H. Provide cost for Plaintiff for all jury proceedings and Court cost; and

I. Grant Plaintiff such other relief as it may appear Plaintiff is entitled to.

Signature: _____

D.O.C.#: 915268

Date: 12-6-22

Address:    Pendleton Correctional Facility,

4490 West Reformatory Road,

Pendleton, IN 46064

### Verification

Affidavit or Declaration of Verification, the Affiant declares that the facts stated in a document (e.g., Complaint) are true to his knowledge, and that the facts stated on information and belief are true to the best of his knowledge and belief.

Pursuant to 28 U.S.C. § 1746, I declare (or certify, verify or state) under penalty of perjury that the following is true and correct.

Signature: _____

D.O.C.#: 915268

Date: 12-6-22

Address:    Pendleton Correctional Facility,

4490 West Reformatory Road,

Pendleton, IN 46064

### **CERTIFICATE OF SERVICE**

I, the undersigned hereby certify that on this the 6th day of December, 2022, I served a true and correct copy of the above and foregoing Affidavit In Support of Verified Complaint Without Prejudice upon the U.S. District Court, Southern District Court of Indiana, Indianapolis Division, properly addressed and with sufficient postage affixed, depositing same into the hands of correctional staff for placement in the U.S. Mail, which constitutes filing under the prison "mailbox rule". *Dowell v. State*, 922 N.E.2d 605, 607 (Ind. 2010).

_(signature)_

(signature)

Plaintiff / *Pro-se*

IDOC # 915268
Pendleton Correctional Facility
4490 W. Reformatory Road
Pendleton, Indiana. 46064-9001